UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SITEL CORPORATION,

      PLAINTIFF

v.

AMERICAN HOME ASSURANCE
COMPANY

Serve:
Commissioner of the Tennessee Department of
Commerce and Insurance,
Attn: Service of Process
500 James Robertson Parkway
Nashville, TN 37243-1131

      DEFENDANT.

CIVIL ACTION NO. _____

## COMPLAINT FOR DECLARATION OF RIGHTS

The plaintiff, Sitel Corporation ("Sitel"), alleges:

### *Nature of Action*

1.     This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, for the purpose of determining a question of actual controversy between the parties as more fully set out below.

### *Jurisdiction and Venue*

2.     Sitel is a Delaware corporation with its principal place of business in Nashville, Tennessee. Sitel was previously known as ClientLogic Operating Corporation ("ClientLogic"), also a Delaware corporation with its principal place of business in Nashville, Tennessee. All references to Sitel in this complaint include its predecessor-in-interest, ClientLogic, and all references to ClientLogic include Sitel.

3. The defendant, American Home Assurance Company ("American Home"), is a foreign privately-owned company with its principal United States place of business in New York City, New York. Its registered agent for service of process is the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, TN 37243. American Home is a wholly owned subsidiary of Chartis, Inc. ("Chartis"), formerly American International Group Commercial Insurance Company of Canada ("AIG"). Chartis acts as American Home's claims agent in connection with the insurance coverage claim which is the subject of this action and any reference to American Home includes Chartis and AIG.

4. American Home is actively licensed to sell insurance in the State of Tennessee (License No. 19380) and sold insurance policies in Tennessee.

5. The plaintiff being a citizen of the States of Tennessee and Delaware and the defendant being a citizen of Canada and/or the State of New York, and the matter in controversy exceeding the sum of $75,000, exclusive of interest, attorney's fees, and costs, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. This court is a proper venue for this action under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to the insurance dispute occurred in this judicial district.

### *Factual Allegations*

### The Call Center Services Agreement.

7. On September 12, 2005, ClientLogic and Trilegiant Corporation entered into a Call Center Services Agreement (the "Agreement") which incorporated by reference a Statement of Work ("SOW"), which was to be amended from "time to time." A Vendor Standards Manual

("VSM") also supplemented the Agreement. (The Agreement, SOW, and VSM shall be collectively referred to as the "CCS Agreement" and are attached as Exhibit A.)

8.      American Home issued and sold Miscellaneous Professional Liability Policy #5463456 (the "Policy") providing $25,000,000 in liability coverage for both Damages and Claims Expenses above a $1,000,000 self-insured retention for the policy period of January 30, 2007 to April 1, 2008 to ClientLogic in Nashville, Tennessee. (Exhibit B). American Home's Policy promised to provide ClientLogic and Sitel liability coverage for any "actual or alleged negligent acts, errors or omissions arising out of Professional Services," which were expressly defined to include "inbound and outbound sales . . . customer service . . . telemarketing" and "operating and managing contact centres and contact centre services . . . for inbound and outbound customer service and care." *See* Exhibit B, § I(A), Declaration Item 6 and Endorsement 2.

9.      On February 20, 2007, ClientLogic changed its name to Sitel Operating Corporation.

10.     As part of the CCS Agreement, Sitel agreed to provide telemarketing services, including receiving inbound telemarketing sales calls from prospective Trilegiant customers and placing outbound calls soliciting customers for sales. Sitel also agreed to record every sale made on both inbound and outbound calls and to maintain a copy of the recording for a minimum period of 48 months from the date of sale. Such a record is referred to as a "proof of enrollment" or "POE."

11.     Section D.(1)(2) of the VSM states in part: "[f]ailure to produce a proof of enrollment recording will result in a $250.00 fine per incident [...] [t]he Vendor/Partner agrees to assume all Legal expenses as a result of the lost or missing proof of enrollment."

**Sitel Notifies American Home of Trilegiant's Claim - American Home Disclaims Coverage**.

12.     In March 2008, Trilegiant notified Sitel that it was making a claim against Sitel for damages arising from Sitel's alleged failure to record and maintain POEs during the period September 28, 2006, to September 1, 2007.

13.     On March 28, 2008, Sitel provided written notice of Trilegiant's claim for damages against Sitel to American Home through its agent AON Reed Stenhouse. (Exhibit C).

14.     Trilegiant then issued a demand on April 11, 2008, to Sitel for payment of $33,540,500 in liquidated damages arising out of Sitel's alleged "gross negligence" in failing to comply with Section D.(1)(2) of the VSM. (Exhibit D). Trilegiant followed its initial demand with a letter attaching a draft complaint incorporating allegations contained in its initial demand, which was transmitted to American Home on December 1, 2008.

15.     On December 15, 2008, American Home, through its claims agent, AIG, sent a "Coverage Disclaimer" letter denying coverage to Sitel for Trilegiant's gross negligence claim seeking liquidated damages on the grounds that penalties and fines are not covered under the Policy and that no "Claim" was made during the policy period. American Home notified Sitel that "American Home will not defend and/or indemnify ClientLogic/Sitel in the above-referenced Trilegiant matter." (Exhibit E).

**Trilegiant Files Civil Action – American Home Continues to Deny Coverage**.

16.     On July 21, 2009, Trilegiant filed a civil complaint seeking damages against Sitel in the U.S. District Court for the Southern District of New York, 09-CV-6492 ("Civil Action," attached as Exhibit F).

17.     The Civil Action alleges counts for negligent breach of contract (Count I) and negligence (Count II).

18.     Trilegiant alleges in Count I that Sitel breached the express provisions of the Agreement by failing to record POEs in a manner that "amounts to gross negligence" by failing to maintain Trilegiant's POE recordings and failing to adopt sufficient safeguards to prevent the destruction of Trilegiant's POE recordings. Trilegiant's Count I claim seeks recovery of "liquidated damages" from Sitel in the amount of "$250 for each POE recording that Sitel has failed to retain and produce."

19.     Trilegiant alleges in Count II that Sitel breached its duty of care owed to Trilegiant and was "negligent" by failing to maintain Trilegiant's POE recordings and failing to adopt sufficient safeguards to prevent the destruction of Trilegiant's POE recordings. Trilegiant's Count II claim - "[a]s a result of Sitel's negligence" - seeks recovery of "damages, including but not limited to lost profits, damage to its reputation, loss of goodwill and costs of remediation."

20.     Trilegiant's prayer for relief seeks an award for "liquidated damages" in the amount of $33,500,000 or, in the alternative, an award of "actual damages including but not limited to lost profits, damage to its reputation, loss of goodwill and costs of remediation." It further claims "actual damages, including lost profits, as a result of Sitel's negligence" and attorneys' fees and costs as provided for under the Agreement.

21.     On July 27, 2009, Sitel provided written notice of the filing of the Civil Action to American Home and transmitted a copy of the complaint.

22.     On August 5, 2009, AIG sent a letter to Sitel reaffirming its denial of coverage for Trilegiant's gross negligence claim seeking to recover liquidated damages. The letter states in part: "The Complaint as now filed is very similar to the draft Complaint that was provided to us earlier, and concentrates on the claim for liquidated damages. We had previously considered that

claim, and advised that there is no coverage available under the policy to respond to those allegations." (Exhibit G).

### *Claim for Declaratory Judgment*

24.     Sitel's "Claims Expenses" incurred and "Damages" claimed by Trilegiant, as those terms are defined in the Policy, exceed the Self Insured Retention ("SIR") and American Home owes a duty to indemnify Sitel for all such amounts that exceed the SIR.

25.     American Home's denial of Sitel's claim breaches the terms and conditions of the Policy.

26.     American Home has refused to participate in the defense of Trilegiant's claim and refuses to participate in - or contribute insurance proceeds to - settle the claims asserted against its insured, Sitel.

27.     For the reasons stated above, an actual controversy between the plaintiff and defendant exists within the jurisdiction of this Court involving the rights and liabilities under a contract of liability insurance, and this Court may issue a judgment resolving this controversy without other suits.

### *Request for Relief*

WHEREFORE, the plaintiff, Sitel, requests:

1.     A declaration that the Policy provides coverage for the claims asserted in the Civil Action, and that American Home owes a duty to indemnify Sitel for Damages and Claims;

2.     Expenses in excess of the Self-Insured Retention;

2.     Recovery of its costs and attorney fees incurred herein; and

3.     Any and all further relief to which it may appear entitled.

**s/Garry K. Grooms**
Garry K. Grooms
STITES & HARBISON, PLLC
401 Commerce Street
Nashville, TN 37219
Phone:     615-782-2200
Fax:         615-782-2371
E-mail:     garry.grooms@stites.com
Counsel for THE PLAINTIFF