IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SITEL OPERATING CORPORATION<br><br>**Plaintiff**<br><br>v.<br><br>**AMERICAN HOME ASSURANCE COMPANY**<br>　　**Defendant** | CIVIL ACTION NO. 3:12-CV-000259 |

## AMENDED CASE MANAGEMENT ORDER

### I. Jurisdiction and Venue

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon the amount in controversy and diversity of citizenship of the parties. The amount in controversy in this action exceeds $75,000, insofar as Plaintiff is seeking insurance coverage for claims asserted in underlying litigation involving monetary damages, attorneys' fees and costs in excess of $75,000. Diversity is based upon the domicile of the parties (New York and Tennessee). Venue is proper because Plaintiff maintains a place of business within Nashville, Tennessee.

### II. Parties' Theories of the Case

#### A. Plaintiff's Theory of the Case

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202. Plaintiff Sitel Operating Corporation f/k/a Client Logic seeks a declaration that a policy of insurance issued by defendant American Home Assurance Company ("American Home") provides coverage for certain claims made against Sitel which are now the subject of a separate civil action.

The policy at issue is Miscellaneous Professional Liability Policy #5463456 ("Policy") that provides $25 million in liability coverage for both Damages and Claims Expenses above a $1 million self-insured retention. The Policy covers the period January 30, 2007 to April 1, 2008. The Policy provides liability coverage for "any actual or alleged negligent acts, errors or omissions arising out of professional services," which are expressly defined to include "inbound and outbound sales . . . customer service . . . telemarketing" and "operating and managing contact centres and contact centre services . . . for inbound and outbound customer service and care."

In March 2008, Sitel received a notice from Trilegiant Corporation ("Trilegiant") that it was making a claim against Sitel for damages arising from Sitel's alleged negligence in providing certain telemarketing services to Trilegiant. The services were provided pursuant to a contract between Trilegiant and Sitel. Specifically, Trilegiant claimed that Sitel failed to record sales calls and failed to maintain a copy of recordings for a minimum period of 48 months from the date of sale, as called for in the contract between Trilegiant and Sitel.

Sitel promptly provided written notice of the claim to American Home on March 20, 2008 (within the Policy period). Trilegiant has subsequently forwarded to American Home a formal demand made by Trilegiant on April 11, 2008, a draft complaint that incorporated Trilegiant's allegations against Sitel, and the complaint actually filed by Trilegiant against Sitel on July 21, 2009, in the United States District Court for the Southern District of New York.

American Home has denied coverage and notified Sitel that it will not defend or indemnify it in connection with the Trilegiant matter.

Sitel submits that coverage is provided under the terms of the Policy and that the coverage is not within any of the exclusions from coverage. In its complaint against Sitel, Trilegiant specifically alleges that Sitel breached its duty of care to Trilegiant and was "negligent" by failing to maintain the recordings and failing to adopt sufficient safeguards to prevent the destruction of Trilegiant's recordings. Trilegiant's Count II claim specifically alleges that, "[a]s a result of Sitel's negligence," [Trilegiant] seeks recover of [damages], including but not limited to lost profits, damage to its reputation, loss of goodwill and costs of remediation."

### B. Defendant's Theory of the Case

Plaintiff is seeking coverage for claims asserted against it in litigation that is pending in federal district court in New York, in which it is asserted that Plaintiff failed to fully and/or properly perform certain contractual duties that it owed to third parties, thereby entitling such third parties to liquidated and/or contractual damages for each such failure. The underlying action asserts separate causes of action for "Breach of Contract" and for "Negligence" but both causes of action are based upon the same set of operative facts – Plaintiff's failure to perform its contractual duty. Plaintiff claims that American Home Assurance Company ("American Home") is obligated to defend and indemnify Plaintiff against the claims asserted in the underlying action under a policy of insurance issued by American Home on which Plaintiff was added as an insured.

American Home contends that Plaintiff is not entitled to coverage under the policy at issue based upon the terms and conditions of the policy and the claims asserted against Plaintiff in the underlying action. The bases for American Home's assertion as to coverage include, but are not limited to, the following:

(1) The American Home policy is subject to a $1 million self-insured retention which applies on a per occurrence basis; Plaintiff has never demonstrated to American Home that the

self-insured retention has been exhausted or is likely to be exhausted, therefore, American Home's obligations under the policy (if any) have not been, and are unlikely to be, triggered;

(2) The underlying action does not assert a claim for covered "damages" as defined in the policy;

(3) The acts and/or omissions allegedly giving rise to the claims asserted against Plaintiff in the underlying action occurred, and were known by Plaintiff to have occurred, prior to the inception of the policy;

(4) The acts and/or omissions allegedly giving rise to the claims asserted against Plaintiff in the underlying action do not constitute "negligence" as required under the policy;

(5) Plaintiff failed to give prompt notice of the claim to American Home, as required by the terms and conditions of the policy; and

(6) Other terms, conditions and exclusions in the policy mandate against a finding of coverage for the claims and/or damages asserted and/or sought in the underlying action.

American Home further contends that it is entitled to an affirmative declaration that it does not owe any duty to Plaintiff under the policy for the reasons set forth above and in its Answer, Affirmative Defenses and Counterclaim. Finally, the policy was issued in Canada, via a Canadian broker to a Named Insured in Canada, and American Home reserves the right to contend that Canadian law is applicable to the interpretation of the policy.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference, this action is set for trial on _October 1, 2013_ at _9:00 a.m._ If this action is to be settled, the Law Clerk shall be notified by noon on _N/A_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _September 19, 2013   3:30 p.m._. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on _May 15, 2013_. All written discovery shall be submitted in sufficient time so that the response shall be in hand by _April 15, 2013_. All discovery related motions shall be filed by the close of business on _May 22, 2013_. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on _June 15, 2013_ and any response thereto shall be filed by the close of business on _July 15, 2013_. Any reply shall be filed by the close of business on _July 30, 2013_.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on _May 15, 2013_, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on _June 15, 2013_, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

Any supplements to expert reports shall be filed by the close of business on  May 30, 2013 . There shall not be any rebuttal expert witnesses. To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

_____
JOHN S. BRYANT
United States Magistrate Judge

SI089:000SI:976758:2:NASHVILLE